# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2315 | **DATE** | 11/16/2004 |
| **CASE TITLE** | George Rivera, #K65669 vs. Holmes, et al. | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____ .

(3)  ☐  Answer brief to motion due _____ . Reply to answer brief due _____ .

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____ .

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7)  ☐  Trial[set for/re-set for] on _____ at _____ .

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)■  [Other docket entry]   Defendants' motion to dismiss is GRANTED with respect to Rivera's claim that he was deprived of due process when he was prohibited from confronting his accuser. Defendants' motion to dismiss is also GRANTED with respect to Rivera's request for polygraph testing. Defendant Jane Doe is DISMISSED from the case. Defendants' motion to dismiss is DENIED on all other counts.   In addition, this Court on its own motion hereby orders the appointment of counsel for Plaintiff. A separate order naming the appointed counsel will follow.

(11)  ■  [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 2 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| kt(lc) | courtroom deputy's initials | U.S. DISTRICT COURT | NOV 2 3 2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE RIVERA, #K65669 ,          )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Case No.  04  C 2315
                                  )
MICHAEL HOLMES, et al.,           )     Judge David H. Coar
                                  )
          Defendants.             )

                                            NOV 2 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff George Rivera ("Rivera"or "Plaintiff"), an inmate at Menard Correctional Center

who was formerly a pretrial detainee at Cook County Department of Corrections ("jail"),  brings

this pro se civil rights action pursuant to 42 U.S.C.§ 1983.  He claims that Cook County Jail

Superintendent Michael Holmes and Sergeant Rosario ("Defendants") violated his constitutional

due process rights when they disciplined him for assault and battery of another inmate.[1]  Plaintiff

also alleges that Defendants disciplined him without any fact-finding, instead relying on "racial

profiling."

Pending before this Court is Defendants' motion to dismiss Plaintiff's complaint under

Federal Rule of Civil Procedure 12(b)(6).  The motion is DENIED IN PART, and GRANTED IN

PART.  For the reasons stated in this order, Defendants' motion to dismiss is GRANTED with

respect to Rivera's claim that he was deprived of due process when he was prohibited from

confronting his accuser.  Defendants' motion to dismiss is also GRANTED with respect to

---

[1]Plaintiff also included "Jane Doe" as a defendant in this suit.  Given that Doe has not yet
been named or properly served, she is dismissed from this case.

1

Rivera's request for polygraph testing. Defendants' motion to dismiss is DENIED on all other counts.

## Standard of Review

On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units,* 507 U.S. 163 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992). A complaint will only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used if an attorney had prepared the complaint. *Haines v. Kerner,* 404 U.S. 519 (1972); *Whitford v. Boglino,* 63 F.3d 527, 535 (7th Cir. 1995).

A party may assert additional facts in his or her response to a motion to dismiss as long as they are consistent with the allegations of the complaint. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439-40 (7th Cir.1994).

## Background[2]

On February 2, 2004, Plaintiff and other inmates were returning to jail from court appearances when a "violent altercation" took place in the back of the transport bus taking them back to jail. Inmate Buckanan [sic] was allegedly beaten and stabbed during the altercation.

---

[2]This Court will take the facts from Plaintiff's complaint as true for the purposes of this motion.

Plaintiff alleges that he had no knowledge of the incident because he was handcuffed together with another inmate in the front of the bus. Nevertheless, he was placed in segregation that same day and served with charges of assault and battery.

Plaintiff later had a disciplinary hearing during which the hearing board allegedly failed to allow him to either call his own witnesses or confront the witnesses who were testifying against him. The board also allegedly failed to complete any findings of fact, eventually finding Plaintiff guilty due to "racial profiling."

Plaintiff filed a grievance in this matter which was denied; his subsequent appeal was also denied. Now, Plaintiff requests this Court expunge the discipline determination from his record, order the officers involved to submit to a polygraph test, and award him $20,000 in damages. Defendants in turn request that Plaintiff's suit be dismissed for failure to state a claim.

## Defendants' motion to dismiss

Defendants argue that Plaintiff's complaint is premature because his disciplinary conviction has not yet been invalidated or overturned. Defendants also argue that they should be dismissed from the case because, they insist, they were not involved in the daily operations of the cellhouse and did not create a policy that denied Plaintiff services.

In response to Plaintiff's allegations of due process violations, Defendants argue that Plaintiff was not deprived of due process when he was prohibited from confronting the witnesses testifying against him because he did not have a right to confront adverse witnesses. Defendants also argue that Plaintiff was not deprived due process when he was prohibited from calling his own witnesses because he did not follow proper jail procedure for calling witnesses. In addition, they contend that Plaintiff's request for expungement of his record is improper, because

3

expungement can only be done through a habeas corpus action. Defendants do not address Plaintiff's claim of racial profiling or his allegation that no facts were used when determining that he should have been disciplined.

## Discussion

Defendants argue that before this Court can analyze Rivera's due process rights, he must show that the underlying disciplinary conviction has been invalidated or overturned. In support, Defendants cite *Heck v. Humphrey*, a Supreme Court decision holding that a state prisoner could not bring a claim for damages under §1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the prisoner could show that the conviction or sentence in question had been invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants also cite *Edwards v. Balisok*, a Supreme Court decision holding that a claim for declaratory relief and monetary damages that necessarily implied the invalidity of the punishment imposed was not cognizable under § 1983 until the conviction or sentence had been invalidated. *See Edwards v. Balisok*, 520 U.S. 641 (1997)

Defendants' reliance on *Heck* and *Edwards* is misplaced. The requirement to invalidate a disciplinary conviction occurs only if the discipline extends the length of a sentence, or increases the loss of good time. Plaintiff was a pretrial detainee and, based on the papers submitted to this Court, sentencing was not at play.

As the Seventh Circuit noted, "the Supreme Court never has addressed whether *Heck's* favorable-termination requirement bars a prisoner's challenge under §1983 to an administrative sanction that does not affect the length of confinement." *Dewalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The Seventh Circuit has addressed the issue, determining that in such situations a

4

prisoner may bring a §1983 action to challenge a condition of his confinement that results from a

prison disciplinary action. *Id.*; see also *Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003) ("our

opinion in *DeWalt* holds that where a prisoner-litigant challenges only the conditions of

confinement rather than the fact or duration of his confinement, *Heck's* favorable termination

requirement does not apply, because federal habeas corpus relief is not available.").

In this case, Plaintiff is not challenging the fact or duration of his confinement: he is a

pre-trial detainee challenging the conditions of his confinement that resulted from allegedly

insufficient prison disciplinary proceedings. He is arguing that he was placed in punitive

segregation for 29 days because of a faulty disciplinary proceeding; if not for the proceeding, he

would not have been in segregation.

Defendants also contend that because they are supervisory personnel who were not

involved directly involved in the events that occurred on February 2, 2004, they are not the

appropriate defendants in this suit. The Seventh Circuit has stated that in order to attribute

constitutional claims, "the official must actually have participated in the constitutional

wrongdoing." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 -1429 (7th Cir. 1996)(citations omitted).

At the same time, the Seventh Circuit has advised district courts to proceed carefully when

dismissing claims against officials, noting ""by treating this general principle of recovery under §

1983 as a strict rule of pleading and dismissing a complaint which otherwise states a valid

claim," a court would run afoul of its mandate to interpret pro se complaints less stringently. *See*

*id.* (citations omitted).

While Defendants may not have been present during the altercation on the bus, they do

5

appear to have played some role in the disciplinary hearing situation that forms the crux of this lawsuit. Plaintiff states that defendant Rosario was "head of the hearing board" and thus would have been involved in his hearing. Plaintiff further states that he wrote a grievance to defendant Holmes regarding this issue; Holmes appears to have overseen the disciplinary process. Therefore, this Court cannot say at this juncture and based only on the complaint that Plaintiff has filed suit against the wrong individuals.

Defendants make a general motion to dismiss the entire complaint. They also present more specific arguments with regards to Plaintiff's request that any discipline related to the altercation be expunged from his records, and to Plaintiff's claim that he was denied due process when he was denied the right to confront his accuser and denied the right to call witnesses on his behalf.

The crux of Plaintiff's complaint is that the disciplinary proceedings used to determine that he should have been placed in segregation were in violation of the Due Process Clause. In *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), the Supreme Court set forth the requirements of disciplinary due process for incarcerated persons: (1) advance (at least 24 hours before hearing) notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir.1992) (citing *Superintendent, Mass. Corr. Institution, Walpole v. Hill*, 472 U.S. 445 (1985)). The disciplinary decision must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir.1994).

6

In *Wolff*, the Supreme Court addressed the due process requirements for convicted

persons who, unlike pretrial detainees, would lose good time credits and consequently have their

sentence lengthened if found guilty of a disciplinary violation. Defendants are correct to point

out that due process at disciplinary hearings resulting in extension of incarceration time does

require the right to call witnesses, with certain limitations enumerated in *Wolff*. But Defendants'

reading of *Wolff* is too narrow: they argue that *Wolff* does not apply to pretrial detainees.

Over the years, courts have considered the extent to which due process doctrine is

applicable to pretrial detainees. It is clear that a pretrial detainee may not be subjected to any

form of punishment for the crime for which he is charged. *Bell v. Wolfish*, 441 U.S. 520, 535

(1979), quoted in *Rapier v. Harris*, 172 F. 3d 999, 1002 (7th Cir. 1999). The Seventh Circuit has

noted that "[a] pretrial detainee cannot be placed in segregation as a punishment for a

disciplinary infraction without notice and an opportunity to be heard; due process requires no

less. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir.1999); *Mitchell v. Dupnik*, 75 F.3d 517,

524-25 (9th Cir.1996)." *Higgs v. Carver*, 286 F. 3d 437, 438 (7th Cir. 2002). At this stage in the

proceeding, based on the evidence submitted by the parties, this Court cannot determine whether

Defendants did in fact place Plaintiff in segregation without affording him due process of the

law. *See Higgs*, 286 F.3d at 438.

Plaintiff also states that he was denied due process of law when he was denied the right to

call witnesses on his behalf. The Seventh Circuit, in *Rapier*, stated that pretrial detainees may be

punished for infractions committed while awaiting trial, but that there must be adequate

procedural protection in place. *Rapier*, 172 F.3d at 1003. The *Rapier* court in dicta also

explained that under the regime established by the Ninth Circuit decision *Mitchell v. Dupnik*,

*supra*, a policy forbidding pretrial inmates to call witnesses during a disciplinary proceeding would violate due process requirements. *Id.* at 1004.

In support of their argument that Rivera does not have the right to call witnesses, defendants cite *Thomas v. McBride*, 306 F. Supp. 2d 855, 866 (N.D. Ind. 2004), citing *Pannell v. McBride*, 306 F. 3d 499, 502 (7th Cir. 2002). The cases do not support their claim that pretrial detainees are never given the right to call witnesses. *Thomas* is a district court of Indiana habeas corpus case, not an appellate case (defendants mis-cite the case) and not a 42 U.S.C.§ 1983 case. In *Thomas*, the court had evidence before it on the issue of calling witnesses; such evidence is not before this court. At no point in the *Thomas* opinion does the court state that pretrial detainees have no due process rights, a proposition Defendants seem to be advancing. In *Pannell*, also a habeas corpus case, the Seventh Circuit determined that the district court ruled prematurely on the issue of calling witnesses. As with *Thomas*, *Pannell* fails to support the proposition that pretrial detainees never have the right to call witnesses.

Under the criteria set forth in *Wolff v. McDonnell*, as applied to pretrial detainees through later cases, Rivera did have the right to call witnesses in his behalf at the jail disciplinary hearing. The court makes no comment here on Rivera's ability to support his claim with evidence or whether the security limitations on this right would negate his claim. At this stage of the litigation, the pertinent issue is whether Plaintiff states a claim in his complaint.[3]

---

[3]Defendants' argument regarding whether or not Rivera asked in writing to call his witnesses is not based on any facts currently before this Court. Plaintiff has alleged that he was not allowed to call witnesses. The only issue at this stage is whether Plaintiff states a claim for relief, not whether he as a factual matter complied with jail procedures. For reasons not readily apparent to this court, Defendants cite a state Department of Corrections regulation for this point, 20 Il. Admin. Code §504.80. These events took place in the Cook County Jail, not the state

Defendants also contend that Plaintiff cannot request this Court to expunge the

disciplinary proceedings from his record, claiming that expunction is a challenge to the fact of

confinement and therefore should be brought via a habeas action rather than a §1983 action.

Defendants cite an unpublished Seventh Circuit opinion from 1996 for the proposition that

expunction in inappropriate in this case. Instead, this Court relies on *Moore v. Pemberton*, a

Seventh Circuit decision reviewing a district court's decision granting a prisoner "a reasonable

period" to transform his 42 U.S.C. §1983 claim into a habeas claim. *See Moore v. Pemberton*,

110 F.3d 22 (7th Cir. 1997). The prisoner in question brought suit under §1983, alleging that the

board's decision to institute the disciplinary measures of verbal reprimand, loss of privileges, and

suspended disciplinary segregation violated due process requirements. The Seventh Circuit

noted, "Moore does not seek release from custody and therefore cannot proceed under

[habeas]...It is not enough to be 'in custody': unless one is attacking the legality, duration, or

(rarely) severity of that custody, a petition under §2254 is improper." *Id.* at 24.[4] The Court of

Appeals noted the problems that ensued when district court judges did not follow the letter and

spirit of case law cautioning against the conversion of §1983 cases into habeas cases. *See id.*

---

prison system; therefore, the state regulations are inapplicable. The court does not have before it
any regulations from the Cook County Jail.

[4] Given that Plaintiff is a pre-trial detainee, 28 U.S.C. §2241 is at play rather than 28
U.S.C. §2254. The Seventh Circuit has noted that the substantive reach of the statutes is
identical. *See U. S. ex rel. Hoover v. Franzen* 669 F.2d 433, 442 (7th Cir. 1982) ("The issue of
what statute confers jurisdiction is not of significance in the present case because the substantive
reach of the statutes is identical.")

The Court of Appeals then stated that "This case began under §1983, and we now treat it as suit for damages." *Id.*

At this point in the proceedings, Rivera appears to be challenging the fact that he was placed in segregation as opposed to being allowed to remain in the general prison population. His claims revolve around the circumstances leading to his segregation. Rivera is attacking the disciplinary decision that his custody should take one form–segregation–rather than another. Based on the pleadings submitted to the Court at this juncture, Plaintiff does raise a valid claim for expungement under §1983.

Rivera also claims that there was no fact-finding and that his conviction was based on "racial profiling." Defendants do not address either of these issues in either their original memorandum of law in support of their motion to dismiss or in their reply to Plaintiff's response to their motion to dismiss.

Under *Wolff*, Defendants are required to give Plaintiff "a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Wolff,* 418 U.S. 563-67. Based on his complaint, it is possible to infer that Plaintiff alleges that he was never given "any evidence" in writing upon which the disciplinary determination was based. *See Superintendent, Mass. Corr. Inst., Walpole,* 472 U.S. at 454; *Webb v. Anderson,* 224 F. 3d 649, 652 (7th Cir. 2000). His response to Defendant's motion to dismiss further alleges, "there was no fact-finding at my hearing" and "Plaintiff was not given a written statement of the reasons for the boards [sic] descision [sic] and on what evidence they relied." Plaintiff's fact-finding claim survives Defendants' motion to dismiss.

10

In his complaint, Rivera states that he was found guilty as charged "based on racial profiling." Rivera returns to the profiling claim in his response to Defendants' motion to dismiss, stating "7 (seven) people were placed in segregation for this offence. [sic]. Among them–6 (six) were latino." In *Bennett v. Schmidt*, the Seventh Circuit reviewed a district court's decision to dismiss a complaint for failure to state a claim when the plaintiff supported her racial discrimination claim by stating that she "was not permitted to interview for the position(s) because of her race." *See Bennett v. Schmidt*, 153 F.3d 516, 517 (7th Cir. 1998). The Seventh Circuit vacated the district court's dismissal of a complaint, determining that Plaintiff's statement was sufficient to survive a motion to dismiss for failure to state a claim and stating, "'I was turned down for a job because of my race' is all a complaint has to say." *See id at 518*. The Seventh Circuit went on to note that intent "is implied by a claim of racial 'discrimination.'" *Id.* Specific fact-pleading was not required under the rules of civil procedure, the Court of Appeals reasoned, and "[t]o the extent that the district court required plaintiff to include in the complaint allegations sufficient (if proved) to prevail at trial, the court imposed a requirement of fact-pleading." *Id.* In this case, Rivera has alleged that he was subjected to discipline on account of his race; his claim is sufficient to survive a motion to dismiss.

Rivera does raise two claims that are not cognizable under the Due Process clause according to current case law: these claims are dismissed. First, Plaintiff claims that he was not allowed to confront his accuser: such a right is not required under *Wolff*. Therefore, on this issue, Plaintiff fails to state a claim for relief. Second, Plaintiff claims he has a right to polygraph testing. Although polygraph tests are admissible in disciplinary proceedings, *see Lenea v. Lane*, 882 F.2d 1171, 1174 (7th Cir.1989), an inmate does not have a constitutional right to request that

11

he or anyone else be given a polygraph examination in a disciplinary proceeding. *See Hester v. McBride,* 966 F. Supp. 765, 773 (N.D. Ind. 1997). Rivera's claim that officers should have had a polygraph test is dismissed.

## CONCLUSION

Defendants' motion to dismiss is GRANTED with respect to Rivera's claim that he was deprived of due process when he was prohibited from confronting his accuser. Defendants' motion to dismiss is also GRANTED with respect to Rivera's request for polygraph testing. Defendant Jane Doe is dismissed from the case. Defendants' motion to dismiss is DENIED on all other counts.

E N T E R:

David H. Coar

UNITED STATES DISTRICT COURT

DATED: __11/19/04__